UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHANNES GEBREZGIE,<br><br>  Plaintiff,<br><br>  v.<br><br>K. PHILLIPS, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01626-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 11) |

Plaintiff Yohannes Gebrezgie is proceeding *pro se* and in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff filed the instant action on November 8, 2021.

On December 9, 2021, the Court screened Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 5.)  Plaintiff failed to respond to the Court's order and the Court issued an order to show cause why the action should not be dismissed on January 18, 2022.  (ECF No. 6.)  On February 4, 2022, the Court discharged the order to show cause based on Plaintiff's response filed on February 3, 2022, and granted Plaintiff thirty days to file an amended complaint.  (ECF Nos. 7, 8.)  On March 10, 2022, the Court granted Plaintiff's request for an additional thirty days to file an amended complaint.  (ECF Nos. 9, 10.)  However, Plaintiff failed to file an amended complaint.  Therefore, on April 18, 2022, the Court ordered Plaintiff to show

cause within fourteen days why the action should not be dismissed. Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///
///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

K. Phillips intentionally disregarded Plaintiff's CDCR Form 22 request (inmate request form) on March 21, 2018. Plaintiff requested the postponement of his rules violation report to be revoked and to be heard within thirty days of the request. At that time, Plaintiff was incarcerated at Corcoran State Prison in the administrative segregation suffering from unlawful detainment.

K. Matta intercepted and intervened in Plaintiff's disciplinary hearing procedures without merit, jurisdiction or authority. On April 1, 2018, Plaintiff submitted another inmate request form to officer V. Cruz addressed to the "RVR Disciplinary hearing officer." K. Matta is a correctional officer and should have never responded to May 12, 2018, and submitted the request to the proper authority. Matta improperly submitted Plaintiff's request to officer Villia who is also not the proper authority. K. Matta caused Plaintiff's unlawful detainment and mental anguish.

V. Marmolejo falsified documents numerous times and falsely stated: "all times of constraints were met," "The hearing was held within 30 days from the date the plaintiff received his initial copy," "there are no due process issues." The offense was referred for criminal prosecution, but Plaintiff waived his right to postpone the hearing pending the District Attorney's decision. V. Marmolejo failed to record the fact of Plaintiff's request to postpone. The thirty days for a hearing began on March 21, 2018, and the hearing was held sixty days thereafter. V. Marmolejo's actions caused Plaintiff to be unlawfully detained by applying 360 days to Plaintiff's time.

M. Sexton blindly denied Plaintiff's inmate appeal at the second level of review on June 26, 2018. M. Sexton misconstrued Plaintiff's appeal as challenging the sufficiency of the evidence instead of a challenge to the additional of 360 days.

T. Lee and V. Voong blindly denied Plaintiff's inmate appeal at the third level of review on May 11, 2018. Both Lee and Voong also ignored the fact that Plaintiff was challenging the additional 360 days and instead construed the appeal as a challenge to the sufficiency of the evidence.

1    J. Gallagher falsely acted as Plaintiff's Chief Disciplinary Officer on November 1, 2018, when Gallagher received a call from Lee and Voong. Gallagher falsified information stating: "There is no such titles as disciplinary hearing officer in facility 3C" when in fact there was. There is a disciplinary hearing officer in every state prison as stated in the department operation manual.

Heather M. Heckler submitted an informal response to Judge Fiorini falsifying and fabricating documents as well as information to keep Plaintiff in custody. Heather Heckler took Plaintiff's inmate appeal and all other documentation in favor of Defendants. On November 5, 2019, Heather Heckler stated that Plaintiff received four years for an inhouse case while housed at Corcoran State Prison, but Plaintiff should not have been in custody.

On November 5, 2019, Julie M. Malone submitted a supplemental response and stated that Plaintiff received four years for an in house case while housed at Corcoran State Prison, but Plaintiff should not have been in custody.

Xavier Becerra submitted an informal response to Judge Fiorini falsifying and fabricating documents as well as information to keep Plaintiff in custody. On November 5, 2019, Xavier Becerra submitted a supplemental response and stated that Plaintiff received four years for an in house case while housed at Corcoran State Prison, but Plaintiff should not have been in custody.

## III.

## DISCUSSION

### A.     Unlawful Detention/Due Process

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486–87 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the

4

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

Plaintiff is seeking to restore the 360 days of credit. This particular claim may be barred by Heck, 512 U.S. 477. Compare Edwards, 520 U.S. at 646 (holding that § 1983 claim is not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits) with Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas).

Based on Plaintiff's allegations it is clear that he was assessed 360 days of credit loss and he is seeking restoration of those lost credits. A judgment in favor of Plaintiff on this claim would then necessarily imply the invalidity of the disciplinary action, and Plaintiff has not demonstrated that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." See, e.g., Cox v. Clark, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, No. 1:07-cv-198-DCB, 2009 WL 1287872, *7–*8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."). Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.     Inmate Appeal Process**

The Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. at 221.

Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his

5

appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). Therefore, Plaintiff cannot seek liability against any Defendant for his/her involvement in reviewing and denying his inmate appeals.

### C. Prosecutorial Immunity

Plaintiff brings suit against several state prosecutors. State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). That is, "when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118, 131 (1997). "Absolute immunity applies when 'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ... after a decision to seek an indictment has been made.' " Garmon v. County of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016) (internal citations omitted). Accordingly, Plaintiff fails to state a cognizable claim against any of the state prosecutors.

### D. False Accusations

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]").

///

///

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on December 9, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 5.) Plaintiff did not file an amended complaint or otherwise respond to the Court's December 9, 2021 order, despite being given an extension of time to do so. Therefore, on April 18, 2022, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 11.) Plaintiff failed to respond to the April 18, 2022 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and

are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of February 4, 2022 and has not done so. Accordingly, the operative pleading is the original complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's April 18, 2022 order specifically advised Plaintiff that the "failure to comply" with the order would "result in a recommendation to dismiss the action for failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief." (ECF No. 11 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

///

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the Court's orders, and failure to prosecute this action.

Accordingly, IT IS ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 11, 2022**

UNITED STATES MAGISTRATE JUDGE